### ÆTNA NAT. BANK et al. v. SHOTWELL.

(*Common Pleas of New York City and County, General Term.*    April 6, 1891.)

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—EXPENSES OF ADMINISTRATION.

The expense incurred by an assignee in rendering an account of his transactions before a referee is incidental to the administration of his trust, and should be discharged by him out of the funds of the assigned estate, before the same is distributed among its creditors; otherwise he will be held personally liable therefor.

2. SAME.

Under Laws N. Y. 1877, c. 466, § 25, "General Assignment Act," conferring upon the courts general equity powers in reference to an assigned estate, and any matters involved therein, the court is authorized to compel the payment of proper referee's fees by the assignee out of any estate in his hands, or which has come to his hands, properly applicable to that purpose.

Appeal from special term.

Application by the Ætna National Bank and others for an order requiring Theodore Shotwell, assignee of Joseph W. Frazier, for the benefit of applicants to take up and file a referee's report of the assignee's transactions, and pay the referee's charges thereon.    The assignee resisted the application, upon the ground that he had disbursed the proceeds of the assigned estate among the parties entitled, leaving a sum in his hands insufficient for the payment of the referee's fees.    The assignee appeals from an order granting the application.    Laws N. Y. 1877, c. 466, § 25, "General Assignment Act," provides that "the court shall have full jurisdiction to do all and every act relating to the assigned estate, the assignees, assignors, and creditors, and jurisdiction shall be presumed in support of the orders and decrees therein, unless the contrary be shown; and, after the filing or recording of an assignment under this act, the court may exercise the powers of a court of equity in reference to the trust, and any matters involved therein."

Argued before DALY, C. J., and BISCHOFF, Jr., and PRYOR, JJ.

*J. E. Ludden,* for appellant.    *Clarke & Lynde,* for respondents.

BISCHOFF, J.    There is no sufficient reason for doubting the power of the judge at special term to make the order from which this appeal has been

taken. It is true that the assignee is not an officer of the court, and subject as such to its directions, and the assigned estate is not *custodia legis,* but the correlative rights and obligations of the assignee and those interested in the assigned estate are the same as those of other trustees and *cestuis que trustent,* (*Ludington's Petition,* 5 Abb. N. C. 307,) and the general equity powers conferred by section 25 of the general assignment act of 1877 upon the courts having cognizance of the matter of the administration of assigned estates are amply sufficient to compel the assignee to perform the duties requisite for the speedy determination of the trust committed to him. Pursuant to the deed of assignment, the assignee is directed to incur such expense as may be reasonable and necessary in the performance of the trust, and such expenses are directed to be preferred in payment over the claims of creditors of the assignor. To secure the expeditious distribution of the assigned estate among those ultimately shown to be entitled thereto, it is therefore the duty of the assignee to incur and pay the reasonable expenses necessary in that behalf, in the first instance, out of the funds in his possession for that purpose; and, if he fails so to do, it is proper that the performance of that duty be required of him, provided it appears that the assignee has or ought to have funds properly applicable to the payment of such expenses. Here the assignee admits that he has received upwards of $90,000 in funds of the estate, but claims that, by reason of the payment of debts of the assignor, the balance remaining in his hands is insufficient to pay the referee's fees, and upon that ground objects to the order requiring him to do so. It is a sufficient answer to that objection to say that it was incumbent upon the assignee, first, to ascertain the expenses necessarily to be incurred in the performance of his duty, which, as a matter of course, includes the rendering of an account of his proceedings; and, if he made payment of the claims of creditors without first having ascertained the precise amount of the assigned estate to which the creditors would be entitled, such payments were wholly voluntary, and at the risk of the assignee, and the lack of sufficient funds in his hands will not discharge him from the performance of the duty imposed by law upon assignees for the benefit of creditors, the assumption of which was wholly voluntary on his part. The order should be affirmed, with costs. All concur.